UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LELAND LENNEAR and NARVELL HENRY, SR., <br><br> Plaintiff, <br><br> v. <br><br> DIAMOND PET FOOD PROCESSORS OF CALIFORNIA, LLC; DIAMOND PET FOOD PROCESSORS OF RIPON, LLC; SCHELL & KAMPETER, INC d/b/a DIAMOND PET FOODS; and DOES 1 to 25, <br><br> Defendant. | No. 2:13-cv-01871-TLN-DAD <br><br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DENYING DEFENDANTS' MOTION TO DISQUALIFY COUNSEL, AND GRANTING PLAINTIFFS' MOTION TO AMEND** |

This matter is before the Court pursuant to: Defendants Diamond Pet Food Processors of California, LLC, Diamond Pet Food Processors of Ripon, LLC, and Schell & Kampeter, Inc. d/b/a Diamond Pet Food's ("Defendants" or "Diamond") Motion to Dismiss or in the Alternative for Summary Judgment as to Plaintiff Narvell Henry Sr. under Federal Rule of Civil Procedure 12(b)(1) and (6), 12(c), and 56(c) (ECF No. 25); Defendants' Motion to Strike Filings on Behalf of Plaintiff Narvell Henry, Sr. and to Disqualify Counsel (ECF No. 51); and Plaintiffs Leland Lennear ("Lennear") and Narvell Henry, Sr.'s ("Henry") (collectively "Plaintiffs") Motion for Leave to Amend Complaint (ECF No. 61). Plaintiffs have filed Oppositions to Defendants' motions (ECF No. 45; ECF No. 60) and Defendants have filed an opposition to Plaintiffs' motion

(ECF No. 68).

The Court has carefully considered the arguments raised in the Parties' briefing. For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED; Defendants' Motion to Strike Filings on Behalf of Henry and to Disqualify Counsel is DENIED; and Plaintiffs' Motion for Leave to Amend Complaint is GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Henry, an African-American man, was hired by Diamond in or about October 2006. (ECF No. 1 at ¶ 16.) Lennear, also an African-American man, was hired by Diamond on or about September 7, 2011. (ECF No. 1 at ¶ 17.) Plaintiffs allege that racially derogatory slurs were used regularly at Diamond and allege that they both reported this conduct to their supervisors. (ECF No. 1 at ¶¶ 18–22.) Henry was terminated on or about December 7, 2012, and Lennear was terminated on or about July 9, 2013. (ECF No. 1 at ¶¶ 24–25.) On September 9, 2013, Plaintiffs filed a complaint against their employer Diamond for race discrimination, racial harassment, failure to prevent race discrimination and racial harassment, and retaliation under the California Fair Housing and Employment Act ("FEHA"), as well as claims for race discrimination and retaliation under Title VI, and wrongful termination in violation of public policy. (ECF No. 1.)

On January 7, 2014, Henry filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Eastern District of California. (ECF No. 16 at 3.) Henry did not list this pending action against Diamond in his petition. (ECF No. 16-2 at 36–37.) The bankruptcy trustee reported that scheduled property would be abandoned and that there were no assets available for distribution to creditors. (ECF No. 26-3.) On April 17, 2014, Henry obtained a bankruptcy discharge. (ECF No. 26-4.)

On May 5, 2014, Defendants served discovery requests on Plaintiffs including a request regarding Henry's history of bankruptcy. (ECF No. 26-5.) Plaintiffs responded with objections on June 30, 2014. (ECF No. 26-6 at 2.) Plaintiffs assert that Plaintiffs' counsel only learned of the bankruptcy in late June 2014. (ECF No. 45 at 4.) Upon discovery of the bankruptcy, the Trustee was informed of the omission and on July 11, 2014, the Trustee filed an application to reopen the bankruptcy proceedings. (ECF No. 45-2 at 2.) On July 14, 2014, the proceedings

1  were reopened.  (ECF No. 45-2 at 2, 7.)

2  On January 15, 2015, Defendants filed the instant Motion to Dismiss, arguing that Henry
3  should be judicially estopped from maintaining his suit, and in the alternative, that Henry does not
4  have standing to bring this suit.  (ECF No. 25; ECF No. 26.)  On February 19, 2015, the Trustee
5  petitioned the bankruptcy court to appoint Plaintiffs' Counsel, McCormack, special counsel for
6  the estate.  (ECF No. 45-2 at ¶ 7.)  On March 3, 2015, Plaintiffs filed their opposition to
7  Defendants' Motion to Dismiss.  (ECF No. 44.)  Defendants filed a Reply in Support of the
8  Motion to Dismiss, as well as a Motion to Strike and Disqualify Counsel on April 2, 2015.  (ECF
9  No. 54; ECF No. 50.)  McCormack was appointed special counsel on April 6, 2015.  (ECF No.
10  61-6.)  On April 16, 2015, Plaintiffs filed the instant Motion to Amend Complaint to substitute
11  the real party in interest and their opposition to the motion to strike.  (ECF No. 61; ECF No. 60.)
12  Defendants filed their opposition to the Motion to Amend on June 3, 2015.  (ECF No. 68.)

## II.  STANDARD OF LAW

### a.  Motion to Dismiss[1]

#### i.  Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party, or the Court on its own initiative, to challenge the court's subject matter jurisdiction at any stage in the litigation.  Fed. Rule Civ. Pro. 12(b)(1) & (h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).  If a plaintiff lacks standing under Article III of the United States Constitution, then the Court lacks subject matter jurisdiction and the case must be dismissed.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998).  Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction by putting forth "the manner and degree of evidence required" by whatever stage of the litigation the case has reached.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010); *see also Barnum Timber*

---

[1] Defendants submit Henry's bankruptcy filings in the exhibits to their motion.  (ECF No. 16-2.)  The Court "may take judicial notice of court filings and other matters of public record."  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006).  The documents at issue are all court filings or matters of public record, and the Court takes judicial notice of said documents.

*Co. v. Envtl. Prot. Agency*, 633 F.3d 894, 899 (9th Cir. 2011) (at the motion to dismiss stage, Article III standing is adequately demonstrated through allegations of "specific facts plausibly explaining" why the standing requirements are met).

*ii.   Rule 12(b)(6)*

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[] [his or her] claims … across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

   *iii. Rule 12(c)*

Federal Rule of Civil Procedure 12(c) provides "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings."  The issue presented by a Rule 12(c) motion is the same as that posed in a 12(b) motion-whether the allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief.  *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047 1054 n. 4 (9th Cir. 2011).

If a complaint fails to state a plausible claim, "[c]ourts have discretion to grant leave to amend in conjunction with 12(c) motions, and may dismiss causes of action rather than grant judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997) aff'd, 237 F.3d 1026 (9th Cir. 2001) (internal quotes omitted); *see also Dutciuc v. Meritage Homes of Arizona, Inc.*, 462 F. App'x 658, 660 (9th Cir. 2011) (Although leave to amend is often freely given when justice so requires, a district court may deny leave to amend where a plaintiff has repeatedly failed to cure deficiencies by amendments previously allowed."); *Longberg v. City of Riverside*, 300 F. Supp.2d 942, 945 (C.D. Cal. 2004) ("although Rule 12(c) does not mention leave to amend, courts have discretion both to grant a Rule 12(c) motion with leave to amend and to simply grant dismissal of the action instead of entry of judgment.").

    b. <u>Motion to Amend to Substitute Real Party in Interest</u>

Granting or denying leave to amend a complaint rests in the sound discretion of the trial court. *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).  When the court issues a pretrial scheduling order that establishes a timetable to amend the complaint, Federal Rule of Civil Procedure ("FRCP") 16 governs any amendments to the complaint.  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  To allow for amendment under Rule 16, a plaintiff must show good cause for not having amended the complaint before the time specified in the pretrial scheduling order.  *Id.*  The good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Id.*  The focus of the inquiry is why the moving party seeks to modify the complaint.  *Id.*  If the moving party was not diligent then good cause cannot be shown

6

1  and the inquiry should end. *Id.*

2  Even if the good cause standard is met under Rule 16(b), the Court has the discretion to
3  refuse the amendment if it finds reasons to deny leave to amend under Rule 15(a). *Id.* at 608.
4  Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written
5  consent or the court's leave," and the "court should freely give leave when justice so requires."
6  The Ninth Circuit has considered five factors in determining whether leave to amend should be
7  given: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of
8  amendment; and (5) whether plaintiff has previously amended his complaint." *In re Western*
9  *States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 738 (9th Cir. 2013) (citing *Allen*
10 *v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). "[T]he consideration of prejudice to
11 the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d
12 1048, 1052 (9th Cir. 2003).

13 **III.    ANALYSIS**

14        a. Defendants' Motion to Dismiss

15 Defendants move to dismiss on the basis that Henry does not have standing to bring a
16 claim and that he is precluded from bringing his case through the doctrine of judicial estoppel.
17 (ECF No. 25; ECF No. 26.) Plaintiffs do not challenge standing, asserting that the Trustee is the
18 real party in interest and as such wishes to pursue the pending action. (ECF No. 45 at 11.)
19 Plaintiffs do, however, oppose the application of judicial estoppel arguing that Henry should not
20 be judicially estopped from maintaining the claim because of inadvertence or mistake. (ECF No.
21 45 at 5–11.) The Court finds that it need not decide this matter because judicial estoppel cannot
22 be applied to the Trustee of Henry's estate.

23        *i. Standing*

24 Under Chapter 7 bankruptcy, once the petition is filed, all pre-petition causes of action
25 become part of the estate. As such, the bankruptcy trustee is the sole individual with standing to
26 maintain the pre-petition claim. *See* 11 U.S.C. § 541(a)(1); *Sierra Switchboard Co. v.*
27 *Westinghouse Elec. Corp.*, 789 F.2d 705, 709 (9th Cir. 1986). Henry's causes of action existed
28 prior to the bankruptcy, as evidenced by the filing date of the Complaint. (*See* ECF No. 1; ECF

1  No. 16 at 3.)  However, upon filing his Chapter 7 bankruptcy, Henry no longer had standing to
2  maintain this claim.  Therefore, Henry lacks standing and Defendants' Motion to Dismiss with
3  respect to Henry is granted.  However, for the reasons discussed below, the Court gives Plaintiffs
4  leave to amend in order to allow the Trustee to bring this action.

5              *ii. Judicial Estoppel*

6       Defendants contend that Henry should be judicially estopped from maintaining his claims
7  against Diamond.  (ECF No. 26.)  They argue that Henry's conduct meets the three primary
8  factors for determining if judicial estoppel is appropriate: 1) he held positions clearly inconsistent
9  with each other (Henry represented that there was a claim to the district court and that there was
10 not a claim to the bankruptcy court); 2) Henry successfully persuaded the first court to accept his
11 inconsistent position (bankruptcy was closed); and 3) Henry would derive an unfair advantage if
12 not estopped because he would be able to collect any award without paying off his creditors.
13 (ECF No. 26 at 5–9.)  Plaintiffs, however, argue that while Henry's actions might fit these three
14 factors, his inconsistent position was due to inadvertence or mistake and judicial estoppel is
15 therefore inappropriate.  (ECF No. 45 at 6–9.)
16      The doctrine of judicial estoppel is applied to "protect the integrity of the judicial process
17 by prohibiting parties from deliberately changing positions according to the exigencies of the
18 moment."  *New Hampshire v. Maine*, 532 U.S. 742, 743 (2001).  In the bankruptcy context, the
19 Ninth Circuit has held that "a party is judicially estopped from asserting a cause of action not
20 raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure
21 statements."  *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001) (citing
22 *Hay v. First Interstate Bank of Kalispell*, N.A., 978 F.2d 555, 557 (9th Cir. 1992)).  Judicial
23 estoppel is "an equitable doctrine invoked by a court at its discretion."  *Russell v. Rolfs*, 893 F.2d
24 1033, 1037 (9th Cir. 1990); *see also Dzakula v. McHugh*, 746 F.3d 399, 402 (9th Cir. 2014);
25 *Benetatos v. Hellenic Republic*, 371 F. App'x 770, 771 (9th Cir. 2010); *Latin v. Perot Sys. Corp.*,
26 336 F. App'x 708, 709 (9th Cir. 2009).
27      The Supreme Court has outlined three factors that courts may consider in deciding
28 whether to apply judicial estoppel: 1) whether a party's later position is clearly inconsistent with

its earlier position; 2) whether the party has succeeded in persuading a court to accept the earlier position; and 3) whether the party would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Hamilton*, 270 F.3d at 782–83 (citing *New Hampshire*, 532 U.S. at 750–51). The Ninth Circuit does "not establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel. Additional considerations may inform the doctrine's application in specific factual contexts." *Id.* at 783. However, many district courts within the Ninth Circuit have applied judicial estoppel in a bankruptcy context using these three factors. *See, e.g., Ceja–Corona v. CVS Pharmacy, Inc.*, No. 1:12–CV–01703–AWI, 2014 WL 1679410 (E.D. Cal. Apr. 28, 2014); *Banuelos v. Waste Connections, Inc.*, No. 1:12–CV–1012 AWI SAB, 2013 WL 398859 (E.D. Cal. Jan. 31, 2013); *Yoshimoto v. O'Reilly Auto., Inc.*, No. C 10–05438 LB, 2011 WL 2197697 (N.D. Cal. June 6, 2011); *Caviness v. England*, No. CIVS042388 GEB DADPS, 2007 WL 1302522 (E.D. Cal. May 3, 2007).

A plaintiff may avoid judicial estoppel despite meeting the three factors in the bankruptcy context if they can show that the omission of the claim from the bankruptcy petition was mistaken or inadvertent. *Ah Quin v. County of Kauai Dept. of Transp.*, 733 F.3d 267, 271 (9th Cir. 2013) (citing *New Hampshire*, 532 U.S. at 749–50). The Ninth Circuit first addressed the meaning of inadvertence or mistake in *Ah Quin*. There, the Ninth Circuit noted that a number of other circuits had applied a narrow interpretation establishing a presumption of deceit if the debtor knew of her claim when filing the bankruptcy petition and had a motive to conceal the claim from the bankruptcy court. *Id.* at 272 (noting that there was almost always a motive to conceal). The Ninth Circuit declined to follow this standard. Instead, they found that, because judicial estoppel is a discretionary doctrine, it must be applied on a case by case basis. *Id.* The Ninth Circuit held:

> In these circumstances, rather than applying a presumption of deceit, judicial estoppel requires an inquiry into whether the plaintiff's bankruptcy filing was, in fact, inadvertent or mistaken, as those terms are commonly understood. Courts must determine whether the omission occurred by accident or was made without intent to conceal. The relevant inquiry is not limited to the plaintiff's knowledge of the pending claim and the universal motive to conceal a potential asset — though those are certainly factors. The relevant inquiry is, more broadly, the plaintiff's subjective intent when filling out and signing the bankruptcy schedules.

1 *Id.* at 276–77.

2       The Ninth Circuit found that the district court had erred in applying the narrow interpretation of inadvertence or mistake and remanded the case for determination using the case-by-case standard set out by *Ah Quin*. Key factors considered by the Ninth Circuit were that the plaintiff claimed inadvertence or mistake, reopened her bankruptcy proceedings, amended the bankruptcy schedules, and the amended bankruptcy was completed at the behest of the plaintiff, not because her omission had been challenged by the defendant. *Id.* at 272–73. The Ninth Circuit found that, interpreting the facts in a light most favorable to the plaintiff, the record could support a finding of either deceit or inadvertence or mistake and remanded the case for final determination by the district court. *Id.* at 277.

      Here, the Court finds that the primary factors listed for judicial estoppel have been met, which means the application of judicial estoppel depends on whether Henry indeed made a mistake. Because Henry reopened his bankruptcy proceedings to correct his initial error, the court cannot impose a presumption of deceit. *Ah Quin*, 733 F.3d at 273 ("But where… the plaintiff-debtor reopens bankruptcy proceedings, corrects her initial error, and allows the bankruptcy court to re-process the bankruptcy with the full and correct information, a presumption of deceit no longer comports with *New Hampshire*.") Instead, the Court must look holistically at the circumstances surrounding the error. *Id.*

      Here, Henry, in conjunction with the Trustee, reopened his bankruptcy and all creditors were notified that they could file claims. (ECF No. 45-2 at ¶ 6.) Likewise, interpreting the facts in a light most favorable to the Plaintiff as is required at the motion to dismiss and summary judgment stages, *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), Henry's bankruptcy was amended before a formal challenge was made by Defendants. (ECF No. 45 at 6.) However, while Henry claims inadvertence, his deposition testimony calls this into question. In his deposition Henry stated that he had disclosed his pending discrimination case to his bankruptcy attorney, but that together they had decided not to disclose it.[2] (ECF No.

---

[2] "Well, actually I didn't think it was going anywhere. It wasn't really going to amount to nothing. But when me and the lawyer talked, he said, 'Don't worry about it.' I am talking about the bankruptcy lawyer. 'And if it comes up and it amounts to something, then we can go back and open it back up and let everything come out.'"; "Like I said, he

10

26-1 at 6–7.) In *Ah Quin*, the plaintiff never disclosed her pending civil suit to her bankruptcy attorney and misunderstood what she was required to do. *Ah Quin*, 733 F.3d at 270. Here, Henry did inform his bankruptcy attorney, knew of his duty to disclose his suit, and decided not to. (ECF No. 26-1 at 6–7.) Furthermore, Henry filed his bankruptcy jointly with his wife and listed her workers compensation case on the schedules. (ECF No. 26-1 at 6.) This evidence supports a ruling of judicial estoppel against Henry. However, because judicial estoppel against Henry cannot be imputed upon the Trustee, the Court declines to make this determination.

This Court is not aware of a Ninth Circuit decision that squarely addresses applying judicial estoppel to a bankruptcy trustee pursuing a cause of action because of the omissions of the debtor.[3] *But see In re Cheng*, 308 B.R. 448, 454–55 (9th Cir. BAP 2004) ("[I]t would be extraordinary for the trustee in the garden-variety bankruptcy to be estopped on account of something the debtor did for its own account during the case"). However, several California district courts have held that "[j]udicial estoppel does not apply to a bankruptcy trustee when the debtor's conduct occurred after the bankruptcy petition was filed." *Coble v. DeRosia*, 823 F. Supp. 2d 1048, 1052 (E.D. Cal. 2011); *see also Copelan v. Techtronics Indus. Co.*, No. 12-CV-01285-BAS MDD, 2015 WL 1413107, at *2 (S.D. Cal. Mar. 27, 2015); *Lupian v. Cent. Valley Residential Builders, L.P.*, No. 10cv2270, 2014 WL 465445, at *5–8 (S.D. Cal. Feb. 5, 2014).

These decisions rely on a number of circuit court decisions including *Parker v. Wendy's Int'l Inc.*, 365 F.3d 1268 (11th Cir. 2004) and *Biesek v. Soo Line Railroad Co.*, 440 F.3d 410 (7th Cir. 2006). In *Parker*, the plaintiff did not list his discrimination claim when filing for bankruptcy. *Parker*, 365 F.3d at 1270. When the trustee was informed of the mistake, the trustee moved to reopen the bankruptcy and moved to be substituted as the real party in interest in the discrimination claim. *Id.* The Eleventh Circuit held that judicial estoppel does not apply to a bankruptcy trustee when the debtor takes inconsistent positions in bankruptcy court and district court. *Id.* at 1270–72. This was based on the reasoning that "a pre-petition cause of action is the

---

and I didn't think it was really going to matter, this was going to matter to anything [sic]. So we did it and said, 'If it comes up, then we will go back and get it fixed.' That was the only thing that changed." (ECF No. 26-1 at 6–7.)

[3] Of note in *Ah Quin* is that, upon reopening the bankruptcy petition, the bankruptcy trustee abandoned the trustee's interest in the pending discrimination action, which plaintiff had originally failed to list on her bankruptcy petition. *Ah Quin*, 733 F.3d at 270. Thus, the action was being pursued by the debtor.

property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it." *Id.* at 1272. The Eleventh Circuit held:

> In this case, [the plaintiff's] discrimination claim became an asset of the bankruptcy estate when she filed her petition. [The trustee] then became the real party in interest in [the plaintiff's] discrimination suit. He has never abandoned [the plaintiff's] discrimination claim and he never took an inconsistent position under oath with regard to this claim. Thus, [the trustee] cannot now be judicially estopped from pursuing it.

*Id.*

The Seventh and Fifth Circuits have similarly refused to apply judicial estoppel to innocent trustees based on deception by the debtor. The Seventh Circuit went so far as to hold that only if the debtor is pursuing the claim for his own benefit should judicial estoppel be applied. *Biesek*, 440 F. 3d at 413 ("Pre-bankruptcy claims are part of debtors' estates; this FELA claim therefore belongs to the Trustee, for the benefit of Biesek's creditors… A Trustee in bankruptcy may abandon worthless or low value assets, including legal claims, …and if the Trustee had abandoned this claim then Biesek could have prosecuted the suit in his own name. Then it would have been necessary to consider judicial estoppel"). The Fifth Circuit, in *Reed v. City of Arlington*, 650 F.3d 571 (5th Cir. 2011), held as a general rule that "an innocent bankruptcy trustee may pursue for the benefit of creditors a judgement or cause of action that the debtor – having concealed that asset during bankruptcy – is himself estopped from pursuing." *Id.* at 579. Both holdings are based on the notion that "[t]he Trustee became the real party in interest upon filing [of the petition], vested with the authority and duty to pursue the judgment against the City as an asset of the bankruptcy estate.... [and] [t]his duty was not affected by [the plaintiff's] failure to disclose the asset, and it was not extinguished by the conclusion of the bankruptcy case." *Id.* at 575.

The bankruptcy Trustee in this case, Stephen Ferlmann ("Ferlmann" or "Trustee") reopened the case and notified the creditors that they could file claims until October 23, 2014. (ECF No. 45-2 at ¶¶ 5–6.) Nine creditors have filed proofs of claims requesting $49,739 in secured and unsecured claims. (ECF No. 45-2 at ¶ 6.) Estopping the Trustee from bringing the case on the behalf of the estate would only serve to further injure Henry's creditors, the victims of

12

his apparent fraudulent action. *See Biesek*, 440 F.3d 413 ("Judicial estoppel is an equitable doctrine, and using it to land another blow on the victims of bankruptcy fraud is not an equitable application.") Furthermore, upon filing the petition for bankruptcy, the Trustee became the real party in interest in this case. *Ritz Camera & Image, LLC v. Sandisk Corp.*, No. C 10–02787 SBA, 2013 WL 3387817, at *2 (N.D. Cal. July 5, 2013) (citing *Barger v. City of Cartersville, Ga*, 348 F.3d 1289, 1292 (11th Cri. 2003); *Sierra Switchboard Co.*, 789 F.2d at 707–09); *see also Turner v. Cook*, 362 F.3d 1219, 1225–26 (9th Cir. 2004); *In re Meehan*, No. AP 13-01208-ES, 2014 WL 4801328, at *4 (B.A.P. 9th Cir. Sept. 29, 2014). As the real party in interest, the Trustee has never held an inconsistent position under oath with regard to this claim, the threshold issue for finding judicial estoppel. *Hamilton*, 270 F.3d at 782–83 (citing *New Hampshire*, 532 U.S. at 750–51). Since he personally did not hold inconsistent positions, the Trustee cannot be judicially estopped from pursuing the instant civil claim. *Id.* The Trustee cannot be held accountable for the deception or mistake made by Henry without the Trustee's knowledge. *Reed*, 650 F.3d at 579. Therefore, the Court finds that the Trustee is not judicially estopped from maintaining this suit. Because Henry is foreclosed from bringing this action, the Court GRANTS Defendants' Motion to Dismiss.[4] However, the Court GRANTS Plaintiffs' Motion for Leave to Amend based on the reasons stated below.

          b.   <u>Plaintiffs' Motion to Amend</u>

Plaintiffs seek leave to amend the complaint under Rule 15 to substitute Plaintiff Narvell Henry, Sr. with the trustee of his bankruptcy estate and real party in interest, Stephen Ferlmann. (ECF No. 61.) Plaintiffs argue that the interests of justice would be served by such an amendment and that Defendants would not suffer harm or undue prejudice from such an amendment. (ECF No. 61-1.)

Defendants object, claiming that Plaintiffs' motion is in bad faith, that undue delay would prejudice Defendants, and that the motion is futile due to judicial estoppel. (ECF No. 68.) Defendants further argue that Plaintiffs have failed to establish good cause for amending the

---

[4] Because the Court has granted Defendants' motion to dismiss, Defendants' motion to strike is DENIED as MOOT. (ECF No. 51.)

complaint.  (ECF No. 68.)

              i.  *Plaintiffs Demonstrate Good Cause Under Rule 16 to Amend the Complaint After the Scheduling Order Deadline*

While Plaintiffs do not argue their motion under Rule 16, it nonetheless applies to this motion as it was filed after the Scheduling Order was entered.  *Coleman*, 232 F.3d at 1294.  In order to amend under Rule 16, Plaintiffs must show good cause.  *Id.*  Whether or not Plaintiffs acted diligently in seeking to amend is of utmost importance in demonstrating good cause.  *Johnson*, 975 F.2d at 609.  The focus of the inquiry is on the reasons why the moving party seeks to modify the complaint.  *Id.*  Here, Plaintiffs argue that they filed their motion only ten days after McCormack was confirmed as special counsel for the Trustee and within four months of Defendants' Motion to Dismiss.  (ECF No. 61-1 at 5.)  Further, Plaintiffs submit that they attempted to stipulate with Defendants to substitute the real party in interest as early as March 9, 2015.  (ECF No. 61-5.)  Defendants, however, contend that Plaintiffs should have amended earlier, when they first discovered that Henry had filed for bankruptcy in late June 2014.  (ECF No. 68 at 5.)

The issues with the bankruptcy filing were only discovered after the entry of the scheduling order.  (ECF No. 16.)  Defendants argue that Plaintiffs should have moved to amend immediately after such a discovery.  (ECF No. 68 at 5.)  While Plaintiffs perhaps could have moved earlier, there were a number of steps necessary to untangle the issues created by neglecting to list this case on the bankruptcy schedule.  Within a month of discovering the bankruptcy, Henry and his counsel informed the Trustee of this suit.  (ECF No. 45-2 at ¶¶ 5–6.)  The Trustee, in conjunction with Henry, filed to reopen the bankruptcy proceeding.  (ECF No. 45-2 at ¶¶ 5–6.)  Seven months later, after all creditors were informed that they could make a claim and after the Trustee had agreed to maintain this suit, on February 19, 2015, the Trustee petitioned to appoint McCormack special counsel.  (ECF No. 45-2 at ¶¶ 7–8.)  McCormack was thereafter appointed special counsel on April 6, 2015, and filed a motion to amend ten days later.  (ECF No. 61-1 at 3.)  This sequence of events indicates that Plaintiffs were diligent in navigating the necessary steps to ensure the bankruptcy was reopened and the creditors and estate were

properly represented.  Therefore, the Court finds that good cause exists.

> ## ii.  Rule 15 Factors

Although the Court finds good cause, the Court still has the discretion to refuse the amendment under Rule 15.  The Ninth Circuit has set forth five factors this Court must consider in determining whether leave to amend should be given "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 738 (9th Cir. 2013) (citations omitted).

The Court does not find evidence of the first, fourth or fifth factors.  There is no evidence of bad faith.   The Court does not find that amendment would be futile, and Plaintiffs have not previously amended their complaint. Therefore, the Court focuses its inquiry on the second and third factors which are the gravamen of Defendants' arguments.

Defendants argue that Plaintiffs' delay in bringing the motion will prejudice the Defendants.  (ECF No. 68.)  Defendants assert that Plaintiffs should have amended before Defendants filed their motion to dismiss and argue that the "expenditure of time and resources on the Motion to Dismiss Plaintiff Henry for lack of standing and judicial estoppel alone constitutes prejudice."  (ECF No. 68 at 6.)

Delay alone will not bar amendment. *Barrows v. American Motors Corp.*, 144 Cal. App. 3d 1, 9 (1983).  Defendants declined to stipulate to the substitution of the real party in interest when initially asked.  (ECF No. 61-5.)  Instead they indicated that they would only be willing to stipulate once McCormack had been appointed special counsel.  (ECF No. 61-5.)  Once McCormack was appointed special counsel, Plaintiffs moved to amend 10 days after the appointment was made.  (ECF No. 61-1 at 3.)  Aside from having filed their motion to dismiss and motions for summary judgment,[5] the Defendants have failed to show how this delay would prejudice them.  Substituting the Trustee as the real party in interest does not change the claims,

---

[5] Defendants have filed three dispositive motions on the motion to dismiss without resolution.  (ECF No. 29; ECF No. 33; ECF No. 50.)  While Defendants may have deemed this necessary because of pending deadlines set by the scheduling order, they could have instead filed a motion to extend the deadline, which the Court would have granted under the circumstances.

or any of the details of the case. It is a purely administrative amendment. While Plaintiffs could have made this motion earlier in the proceedings, to disallow it now would require Henry's claims to be dismissed and would deny the innocent creditors the ability to recoup their money. Such a sanction would be drastic and inequitable.

Since the Court finds good cause, and since the motion is not barred by the Rule 15 factors, Plaintiffs' motion to amend to substitute the real party in interest is hereby GRANTED.

c. <u>Defendants' Summary Judgement Motions</u>

Because the Amended Complaint will supersede the Complaint, Defendants' motions for summary judgement, (ECF No. 29 and ECF No. 33), are MOOT. The Court will vacate the deadline for filing dispositive motions as established by the January 2, 2014, pretrial scheduling order. Upon filing of the Amended Complaint, the Court will issue a revised scheduling order.

d. <u>Defendants' Motion to Disqualify Counsel</u>

Defendants argue that Plaintiffs' counsel, McCormack, should be disqualified from representing any party due to inherent conflicts in his representation. (ECF No. 51.) Defendants' raise two discrete issues: that McCormack may not qualify to act as special counsel for the Trustee under 11 U.S.C. § 327; and that McCormack's representation of Plaintiffs and of the Trustee may constitute a conflict of interest under Rule 3-310(E) of the California Rules of Professional Conduct. (ECF No. 51.) In their Opposition, Plaintiffs' cite the Bankruptcy Court's order appointing McCormack as special counsel and finding him a disinterested party under 11 U.S.C. § 327(a). (ECF No. 60.)[6]

11 U.S.C. § 327 has two separate requirements for the employment of an attorney by a trustee, one for general counsel, §327(a),[7] and another for special counsel, § 327(e).[8]

---

[6] Plaintiffs submit the bankruptcy court order appointing McCormack as special counsel in the exhibits to their motion. (ECF No. 61-6.) The Court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006). The documents at issue here are all court filings or matters of public record. Therefore, the Court takes judicial notice of these documents.

[7] "[T]he trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

[8] "The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

16

Employment of general counsel requires the attorney to be a disinterested person, but employment of special counsel does not. *In re Song*, No. CC-07-1137-DMOPA, 2008 WL 6058782, at *8 (B.A.P. 9th Cir. Feb. 12, 2008) *aff'd sub nom; In re Won Ho Song*, 359 F. App'x 817 (9th Cir. 2009) ("[Attorneys] were employed as special counsel under § 327(e) and were not subject to the disinterestedness standard under § 327(a).") Here, the Bankruptcy Court found that McCormack not only does not "hold or represent an interest adverse to the estate" but is also a disinterested party, a higher standard than is required by § 327(e). (ECF No. 61-6.) Section 327(e) simply requires that the attorney cannot "represent or hold any interest adverse to the debtor." A generally accepted definition of an adverse interest is:

> [T]he (1) possession or assertion of an economic interest that would tend to lessen the value of the bankruptcy estate; or (2) possession or assertion of an economic interest that would create either an actual or potential dispute in which the estate is a rival claimant; or (3) possession of a predisposition under circumstances that create a bias against the estate.

*Dye v. Brown (In re AFI Holding, Inc.)*, 355 B.R. 139, 148–49 (9th Cir. BAP 2006). Indeed, the Trustee has a duty to "collect and reduce to money the property of the estate ..., and close such estate as expeditiously as is compatible with the best interests of parties in interest" under § 704(1). This duty extends to the debtor as a party interest. *See Pereira v. Centel Corp. (In re Argo Commc'ns Corp.)*, 134 B.R. 776, 783 (Bankr. S.D.N.Y. 1991) ("It is a fundamental concept within the Bankruptcy Code that the trustee is empowered to collect and reduce to money the property of the estate ... [in] the best interest of parties in interest. These words constitute the trustee's main duty to both the debtor and the creditors to realize from the estate all that is possible for distribution among the creditors.") (quotations and citations omitted). Defendants have not demonstrated that the Trustee or McCormack hold an adverse interest to the debtor. In fact, it seems that McCormack's goal of acquiring the maximum recovery on the lawsuit is well aligned with his duties as special counsel.

Defendants further argue that McCormack's representation of the Trustee and of Henry creates a conflict under the California Rules of Professional Conduct. (ECF No. 51.) Specifically, Defendants cite Rule 3-310(E) of the California Rules of Professional Conduct

which allows for representation of a new client if there is a possibility of a conflict with a current or former client so long as the attorney informs the client or former client and obtains the written consent of that client.  Defendants contend that representation of the Trustee and the debtor in this matter may lead to a conflict.  However, again Defendants have not met their burden showing that a conflict exists which would require *mandatory* withdrawal under the California Rules of Professional Conduct.  Instead, they have raised the possibility of a conflict, which under Rule 3-310(E) does not require the disqualification of McCormack so long as the client has given written consent.

Here, both Henry and the Trustee's interests are aligned; they both seek to obtain a substantial award from the discrimination case.  "Simply because the debtors and the Trustee have different motives in wanting the same outcome does not signify that they have adverse interests." *In re Song*, 2008 WL 6058782, at *9.  Thus, McCormack is not representing any interests adverse to either the Trustee or to Henry.  Furthermore, maintaining McCormack as special counsel is in the best interest of the estate as he is currently involved in the case and is best situated to continue to represent the interests of Henry and the estate.  Therefore, McCormack is appropriate as appointed special counsel for the Trustee.  The Court acknowledges the possibility of a conflict, however, and therefore advises that it may be prudent for Plaintiffs counsel to obtain the written consent of his clients.

For the foregoing reasons the Court DENIES Defendants' Motion to Disqualify Attorney.

## IV.   CONCLUSION

For the reasons stated above, the Court hereby:

1. GRANTS Defendants' Motion to Dismiss (ECF No. 25);
2. GRANTS Plaintiff's Motion to Amend the Complaint (ECF No. 61) for the sole purpose of substituting Plaintiffs.  Plaintiffs are precluded from adding additional causes of action not alleged in the Complaint.  Plaintiffs are hereby ordered to file and serve the amended complaint within thirty (30) days of the filing of this order.  Defendants shall file responsive pleadings within 21 days of being served;

   3. DISMISSES Defendants' Motions for Summary Judgement as MOOT (ECF No. 29; ECF No. 33);

   4. DENIES Defendants' Motion to Strike as MOOT (ECF No. 51); and

   5. DENIES Defendants' Motion to Disqualify Counsel (ECF No. 51).

The deadline for filing dispositive motions established by the January 29, 2014 pretrial scheduling order is hereby VACATED.

 IT IS SO ORDERED

Dated:  November 24, 2015

Troy L. Nunley
United States District Judge