UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LELAND LENNEAR AND NARVELL HENRY, SR.,<br><br>         Plaintiff,<br><br>    v.<br><br>DIAMOND PET FOOD PROCESSORS OF CALIFORNIA, LLC., et al.,<br><br>         Defendants. | No.  2:13-cv-01871-TLN-DAD<br><br>AMENDED PRETRIAL SCHEDULING ORDER |

After reviewing the parties' Joint Status Report (ECF No. 76), the Court orders as follows: The following order modifies this Court's original Scheduling Order filed on January 29, 2014. (*See* ECF No. 16.)  The motion practices and guidelines set out in that order still apply to the parties' motion practice and continued litigation of this case.  Thus, the purpose of the following order is limited to amending the following dates pursuant to the rescheduling of the parties' trial date.

I.      SUPPLEMENTAL DISCOVERY AND EXPERT WITNESS DISCLOSURE

All discovery has been completed. Pursuant to the joint status report submitted by the parties, the parties may submit

1

the agreed to supplemental discovery responses **on or before March 18, 2016.**[1]  This date includes designation of any additional experts.  Defendants shall designate counter-experts **on or before April 15, 2016.**

Any request to deviate from the Federal Rules of Civil Procedure should be made to the assigned Magistrate Judge.

II.   MOTION HEARING SCHEDULE

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be <u>filed no later than</u> **June 17, 2016 and noticed for a law and motion date on or before July 28, 2016.**

All purely legal issues are to be resolved by timely pretrial motions.  Local Rule 230 governs the calendaring and procedures of civil motions with the following additions:

(a) The opposition and reply must be filed by 4:00 p.m. on the day due; and

(b) When the last day for filing an opposition brief falls on a legal holiday, the opposition brief shall be filed on the last court day immediately preceding the legal holiday.

Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to the motion and the court may dispose of the motion summarily. Further, failure to timely oppose a summary judgment motion[2] may result in the granting of

---

[1] The parties originally requested a deadline of February 12, 2016.  Because the Court was unable to address the request prior to expiration of that date, the Court has reset the date to allow the parties time to comply.

[2] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 260.

2

that motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial.

The Court places a page limit for points and authorities (exclusive of exhibits and other supporting documentation) of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies. All requests for page limit increases must be made in writing to the Court setting forth any and all reasons for any increase in page limit at least fourteen (14) days prior to the filing of the motion.

For the Court's convenience, citations to Supreme Court cases should include parallel citations to the Supreme Court Reporter.

The parties are reminded that a motion in limine is a pretrial procedural device designed to address the admissibility of evidence. The Court will look with disfavor upon dispositional motions presented in the guise of motions in limine.

The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

VII. FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for **January 12, 2017, at 2:00 p.m.** At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference. If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney

1  who attends in place of the trial attorney shall have equal
2  familiarity with the case and equal authorization to make
3  commitments on behalf of the client.
4     Counsel for all parties are to be fully prepared for trial
5  at the time of the Final Pretrial Conference, with no matters
6  remaining to be accomplished except production of witnesses for
7  oral testimony.
8     The parties shall file, not later than **March 17, 2017**, a
9  Joint Final Pretrial Conference Statement.  The provisions of
10 Local Rules 281 shall apply with respect to the matters to be
11 included in the Joint Final Pretrial Conference Statement.  In
12 addition to those subjects listed in Local Rule 281(b), the
13 parties are to provide the Court with a plain, concise statement
14 that identifies every non-discovery motion tendered to the Court
15 and its resolution.  Failure to comply with Local Rule 281, as
16 modified by this Pretrial Scheduling Order, may be grounds for
17 sanctions.
18     At the time of filing the Joint Final Pretrial Conference
19 Statement, counsel shall also electronically mail to the Court in
20 digital format compatible with Microsoft Word, the Joint Final
21 Pretrial Conference Statement in its entirety including the
22 witness and exhibit lists.  **These documents shall be sent to:**
23 **tlnorders@caed.uscourts.gov.**
24    The parties should identify first the core undisputed facts
25 relevant to all claims.  The parties should then, in a concise
26 manner, identify those undisputed core facts that are relevant to
27 each claim.  The disputed facts should be identified in the same
28 manner.  Where the parties are unable to agree as to what

disputed facts are properly before the Court for trial, they should nevertheless list all disputed facts asserted by each party.  Each disputed fact or undisputed fact should be separately numbered or lettered.

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a motion in limine.

Each party shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs.  Points of law should reflect issues derived from the core undisputed and disputed facts.  Parties shall not include argument or authorities with any point of law.

The parties shall prepare a joint statement of the case in plain concise language which will be read to the jury at the beginning of the trial.  The purpose of the joint statement is to inform the jury what the case is about.

The parties are reminded that pursuant to Local Rule 281 they are required to list in the Joint Final Pretrial Conference Statement all witnesses and exhibits they propose to offer at trial.  After the name of each witness, each party shall provide a brief statement of the nature of the testimony to be proffered. The parties may file a joint list or each party may file separate lists.  These list(s) shall not be contained in the body of the Joint Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiff's exhibits shall be listed numerically.

1  Defendant's exhibits shall be listed alphabetically.  The parties
2  shall use the standard exhibit stickers provided by the Court
3  Clerk's Office: pink for plaintiff and blue for defendant.  In
4  the event that the alphabet is exhausted, the exhibits shall be
5  marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters, note the
6  number of letters in parenthesis (i.e., "AAAA(4)") to reduce
7  confusion at trial.  All multi-page exhibits shall be stapled or
8  otherwise fastened together and each page within the exhibit
9  shall be numbered.  All photographs shall be marked individually.
10 The list of exhibits shall not include excerpts of depositions,
11 which may be used to impeach witnesses.  In the event that
12 Plaintiff and Defendant offer the same exhibit during trial, that
13 exhibit shall be referred to by the designation the exhibit is
14 <u>first identified</u>.  The Court cautions the parties to pay
15 attention to this detail so that all concerned, including the
16 jury, will not be confused by one exhibit being identified with
17 both a number and a letter.
18     The Final Pretrial Order will contain a stringent standard
19 for the offering at trial of witnesses and exhibits not listed in
20 the Final Pretrial Order, and the parties are cautioned that the
21 standard will be strictly applied.  On the other hand, the
22 listing of exhibits or witnesses that a party does not intend to
23 offer will be viewed as an abuse of the court's processes.
24     The parties also are reminded that pursuant to Rule 16 of
25 the Federal Rules of Civil Procedure it will be their duty at the
26 Final Pretrial Conference to aid the Court in: (a) the
27 formulation and simplification of issues and the elimination of
28 frivolous claims or defenses; (b) the settling of facts that

1   should properly be admitted; and (c) the avoidance of unnecessary
2   proof and cumulative evidence.  Counsel must cooperatively
3   prepare the Joint Final Pretrial Conference Statement and
4   participate in good faith at the Final Pretrial Conference with
5   these aims in mind.  A failure to do so may result in the
6   imposition of sanctions which may include monetary sanctions,
7   orders precluding proof, elimination of claims or defenses, or
8   such other sanctions as the Court deems appropriate.
9       III.   TRIAL BRIEFS
10      The parties shall file trial briefs not later than fourteen
11  (14) days before trial.  Counsel are directed to Local Rule 285
12  regarding the content of trial briefs.
13      IV.    EVIDENTIARY AND/OR PROCEDURAL MOTIONS
14      It is the Court's practice to hear motions in limine on the
15  first day of trial.  However, depending on the number and nature
16  of the parties' motions, the need to special set a hearing date
17  to hear such motions shall be addressed at the Final Pretrial
18  Conference.
19      V.     TRIAL SETTING
20      The trial is set for **March 27, 2017,** at **9:00 a.m.**  Trial
21  will be by jury.  The panel will consist of eight (8) jurors.
22  The parties estimate a trial length of **eight to ten (8-10) days.**
23      VI.    SETTLEMENT CONFERENCE
24      At the Final Pretrial Conference, the Court may set a
25  settlement conference if the parties so request.  In the event no
26  settlement conference is requested, the parties are free to
27  continue to mediate or attempt to settle the case with the
28  understanding that the trial date is a firm date.

7

In the event a settlement conference is set by the Court, counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. At least seven (7) calendar days before the settlement conference, counsel for each party shall submit to the chambers of the settlement judge a confidential Settlement Conference Statement. Such statements are neither to be filed with the Clerk nor served on opposing counsel. Each party, however, shall serve notice on all other parties that the statement has been submitted. If the settlement judge is not the trial judge, the Settlement Conference Statement shall not be disclosed to the trial judge.

Notwithstanding the foregoing, the parties may request a settlement conference prior to the Final Pretrial Conference if they feel it would lead to the possible resolution of the case. In the event an early settlement conference date is requested, the parties shall file said request jointly, in writing. The request must state whether the parties waive disqualification, pursuant to Local Rule 270(b), before a settlement judge can be assigned to the case. Absent the parties' affirmatively requesting that the assigned Judge or Magistrate Judge participate in the settlement conference AND waiver, pursuant to Local Rule 270(b), a settlement judge will be randomly assigned to the case.

VII.   <u>VOLUNTARY DISPUTE RESOLUTION PROGRAM</u>

Pursuant to Local Rule 271, parties may stipulate at any stage in the proceedings to refer the action, in whole or in part, to the Voluntary Dispute Resolution Program.

VIII. <u>MODIFICATION OF PRETRIAL SCHEDULING ORDER</u>

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of **good cause.** Agreement by the parties pursuant to stipulation alone to modify the Pretrial Scheduling Order does not constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel will not constitute good cause.

IX.   <u>OBJECTIONS TO PRETRIAL SCHEDULING ORDER</u>

This Pretrial Scheduling Order will become final without further order of the Court unless objections are filed within fourteen (14) days of service of this Order.

IT IS SO ORDERED.

DATED: March 14, 2016

_____
Troy L. Nunley
United States District Judge